**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                               :
RUNBERG, INC. d/b/a ZEPHYRS,                    :
                                               :
                    Plaintiff,                 :
                                               :
        v.                                     :
                                               :                _____ CIV. _____
VICTORIA'S SECRET STORES, INC.,                :
VICTORIA'S SECRET STORES LLC,                  :
VICTORIA'S SECRET STORES                       :
        BRAND MANAGEMENT, INC.,                :        **JURY TRIAL DEMANDED**
VICTORIA'S SECRET DIRECT LLC,                  :
LIMITED BRANDS, INC., and                      :
SUPPLIER JOHN DOE 1,                           :
                                               :
                                               :
                                               :
                    Defendants.                :
_____:

## COMPLAINT

        PLAINTIFF RUNBERG, INC. D/B/A ZEPHYRS ("Zephyrs" or "the Plaintiff"), by its

counsel the GIOCONDA LAW GROUP PLLC hereby complains and alleges against DEFENDANTS

VICTORIA'S SECRET STORES, INC., VICTORIA'S SECRET STORES LLC, VICTORIA'S

SECRET STORES BRAND MANAGEMENT, INC., VICTORIA'S SECRET DIRECT LLC,

LIMITED BRANDS, INC. (collectively, the "Victoria's Secret Defendants"), and SUPPLIER

JOHN DOE 1 ("Supplier John Doe 1"), as follows:

## NATURE OF THE ACTION AND PATENTS-IN-SUIT

1.      This lawsuit is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.,* seeking preliminary and permanent injunctive relief, monetary damages, attorneys' fees and costs for the Defendants' willful patent infringement in violation of **U.S. Utility Patent No. RE45838E.**   This lawsuit also seeks damages for the Defendants' willful patent infringement in violation of **U.S. Utility Patent No. 8,216,021 B1** (attached hereto as **Exhibits 1 and 2**, respectively) (hereinafter, "Zephyrs' Patents").

2.      This lawsuit also seeks a Declaratory Judgment and Order directing the United States Patent and Trademark Office ("USPTO") to correct the named inventorship of **U.S. Design Patent No. D655,476 S1** (the "VS Push Up Design Patent", attached as **Exhibit 3**), to reflect that the proper inventor of the design depicted in the VS Push Up Design Patent is Debra MacKinnon, the principal of the Plaintiff.   This lawsuit also seeks an Order transferring ownership of the VS Push Up Design Patent to the Plaintiff.

3.      Furthermore, this lawsuit seeks a Declaratory Judgment and Order transferring ownership of registered **Canadian Industrial Design Patent Reg. No. 136170** (attached hereto as **Exhibit 4**) ("the VS Canadian Push Up Design Patent") to the Plaintiff.

4.      Finally, this lawsuit seeks monetary damages from the Defendants disgorging the unjust enrichment that is a result of the erroneous inventorship complained of herein.

## PARTIES

5.      **PLAINTIFF RUNBERG, INC. D/B/A ZEPHYRS** ("Zephyrs") is a New York corporation having its principal place of business at 306 Jersey Avenue, Spring Lake NJ 07762. Debra MacKinnon has previously assigned all rights, title and interest to Zephyrs' Patents to the Plaintiff.

2

6.      Upon information and belief, **DEFENDANT VICTORIA'S SECRET STORES, INC.** is a Delaware corporation with a principal place of business located at Four Limited Parkway East, Reynoldsburg, Ohio 43068.

7.      Upon information and belief, **DEFENDANT VICTORIA'S SECRET STORES LLC** is a Delaware limited liability company with a principal place of business located at Four Limited Parkway East, Reynoldsburg, Ohio 43068.

8.      Upon information and belief**, DEFENDANT VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC.** is a Delaware corporation with a principal place of business located at Five Limited Parkway East, Reynoldsburg, Ohio 43068.

9.      Upon information and belief, **DEFENDANT VICTORIA'S SECRET DIRECT LLC** is a Delaware limited liability company with a principal place of business located at Four Limited Parkway East, Reynoldsburg, Ohio 43068.

10.     Upon information and belief, **DEFENDANT LIMITED BRANDS, INC.** is a Delaware corporation with a principal place of business located at Three Limited Parkway, Columbus, Ohio 43230.  Upon information and belief, Defendant Limited Brands, Inc. is directly and/or indirectly involved in managing the retail and online business of the other Victoria's Secret Defendants.

11.     Upon information and belief, **DEFENDANT SUPPLIER JOHN DOE 1** is an unnamed, unidentified entity that actively supplies, manufactures and/or distributes the Victoria's Secret Defendants' Infringing Products, complained of herein.

## JURISDICTION AND VENUE

12.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, §§ 1331 and 1338(a).  This is also an action for correction of patent inventorship arising under the patent laws of the United States, 35 U.S.C. § 256.

13.     This Court has personal jurisdiction over each of the Defendants as they have regularly transacted business in New York, regularly done or solicited business in New York, contracted to supply products in New York, derived substantial revenues from products sold and used in New York, and/or sold the infringing products in New York or offered the infringing products for sale in New York and in this Judicial District.  Venue in this District is, therefore, proper under 28 U.S.C. §§ 1391(b) and 1391(c).

## RELEVANT FACTUAL BACKGROUND

### Zephyrs and the Inventor's Background

14.     Debra MacKinnon, the principal of Zephyrs and the inventor (the "Inventor") of the technology at issue here, has many years of experience in the fashion and accessory industry.

15.     Zephyrs is a small, woman-owned company.

16.     Zephyrs is a designer and supplier of high quality intimate apparel, including women's lingerie, hosiery and fashion accessories such as the Kidney-Shaped Push Up Inserts at issue in this case.

17.     While visiting the International Lingerie Show in Paris, France on January 24-27, 2008, Ms. MacKinnon first independently conceived the idea of a Kidney Shaped Silicone Push Up Insert.

18.     Ms. MacKinnon's inventive concept was to develop a true anatomically correct push up insert to create lift and cleavage while maintaining a natural appearance underneath

clothing.

19.     Ms. MacKinnon had discovered that there existed a commercial need for a soft shaping insert that is anatomically designed to conform and push up the breasts, thereby increasing volume and cleavage, while providing a natural shape.

20.     Ms. MacKinnon thus invented a novel Kidney-Shaped Push Up Insert that would embody this unique invention (the "Invention", <u>see</u> Figures 1 – 3 below):



**FIG. 1**



**FIG. 2**



**FIG. 3**

21.     At that time, the push up inserts sold in the retail marketplace were fairly generic, and were sold by many large retailers, such as Wal-Mart and Victoria's Secret, at prices ranging from $20.00 to $58.00 per pair.

22.     Ms. MacKinnon's idea was to create a unique product to sell to Victoria's Secret, with whom she already had an established working relationship and was supplying a wide variety of products.

23.     Upon returning to the United States, at its own expense, Zephyrs commissioned the services of a sculptor to make a series of plaster molds, to create prototypes of the Kidney Shaped Push Up Inserts that she had invented.

24.     Prototypes created from these molds were tested on various models by Zephyrs to determine where best to locate the volume and where to taper the edges.

25.     Over the course of several months, Ms. MacKinnnon laboriously created more than twenty (20) iterations before finally arriving at the final prototype, each version of which further reduced the invention to practice.

26.     The final plaster mold was dispatched by Zephyrs to Bridge Chip Company, Zephyrs' Chinese supplier ("Bridge Chip") in February 2008 to produce products made of ultra soft silicone.

27.     On February 13, 2008, Bridge Chip informed Ms. MacKinnon that its factory would be closed for the Chinese New Year, and would not reopen until February 16, 2008.

28.     Bridge Chip confirmed the earliest time that it could complete producing a sample would be February 27, 2008, which would have been too late to receive in time for Ms. MacKinnon's planned meeting with the Victoria's Secret Defendants in Columbus, Ohio on March 4, 2008.

29.     On or about March 4, 2008, Ms. MacKinnon met in person with Ms. Heather Naughton and Ms. Laurie Jeannine Wirgler at Victoria's Secret's headquarters in Columbus, Ohio, and first presented foam mockups of Ms. MacKinnon's Invention.

30.     Ms. MacKinnon informed Ms. Naughton and Ms. Wirgler during the March 4, 2008 meeting that prototypes were currently being developed, but that the factory was closed for the Chinese New Year, and that Zephyrs would later forward a finished rendition.

31.     Ms. MacKinnon again described the concept of her invention in writing to Victoria's Secret on June 11, 2008: "This is a true anatomically designed Push Up unlike other products in the market which create volume only."

32.     Furthermore, Bridge Chip, Zephyrs' Chinese factory experienced difficulty in producing the Kidney Shaped Push Up Inserts according to Zephyrs' precise specifications, due to the nature of the silicone material that is poured into the molds.

33.     Consequently, Zephyrs did not approve the final samples until July 2, 2008.

34.     On July 18, 2008, Zephyrs wrote to Ms. Wirgler that Zephyrs had "sent [her] the only complete set of Engineered Push Ups and our original sample…"

35.     Attached to that e-mail were files in .PDF form with details for the Engineered Push Ups.

36.     On July 22, 2008, Ms. Wirgler responded in writing, thanking Zephyrs.

37.     Zephyrs wrote to Victoria's Secret on July 25, 2008, informing Victoria's Secret that Zephyrs, through its own outside patent counsel, was preparing to file a provisional patent application, and that Zephyrs would be happy to offer Victoria's Secret an exclusive license for the lifetime of the product: "We have already filed a provision patent application for this item. We would be happy to offer VS an exclusive domestic license for the lifetime of the product, however this would require a commitment to patent fees, development costs and minimum order quantities."

38.     Indeed, on behalf of Zephyrs, the law firm of McDermott, Will & Emery LLP ("McDermott") filed a provisional utility patent application on the original shaping insert design on July 31, 2008.

39.     Ms. MacKinnon wrote to Victoria's Secret making absolutely clear: "The Engineered Push Up is an original concept created by Zephyrs."

40.     Zephyrs and Ms. MacKinnon have always owned the entire right and title to the Invention.

41.     During all the in-person meetings with Ms. Wirgler and Ms. Naughton in Columbus, Ohio, Ms. MacKinnon continued to express her belief that the invention was entirely her own invention and intellectual property, and that Zephyrs was interested in offering an exclusive license to Victoria's Secret for the commercial embodiment of the invention, not jointly owning any patents on her Invention.

42.     Ms. MacKinnon also informed Victoria's Secret that Zephyrs had already retained its own outside counsel (McDermott) to prosecute a utility patent application, and Zephyrs provided the provisional patent application to Victoria's Secret.

43.     Consequently, Victoria's Secret participated in a meeting with its own in-house and New York patent counsel, and Zephyrs was required to produce all documents pertaining to Zephyrs' independent development of the product, which Zephyrs did in good faith.

44.     During the New York meeting with the Victoria's Secret's counsel, neither Ms. Naughton nor Ms. Wirgler were able to produce documents to Zephyrs or Victoria's Secret's Counsel demonstrating any input from these Victoria's Secret employees to the Invention.

45.     In good faith, Zephyrs shared copies of its pending provisional utility patent application with Victoria's Secret's Counsel at that time.

46.     Victoria's Secret's Counsel appeared to elect not to pursue the matter further, and later, Victoria's Secret placed significant purchase orders for supply of the product covered by the Invention.

47.     With Victoria's Secret's approval and awareness, Zephyrs invested its own employees' time and its own money in retaining outside counsel to protect Ms. MacKinnon's Invention with a utility patent filed at its own substantial expense.

48.     The Invention claimed in Zephyrs' provisional utility patent application (and the

Invention that was later claimed in the '021 Patent) were entirely conceived and reduced to practice by Ms. MacKinnon as the only properly named Inventor.

49.     This application was duly examined by the USPTO, which ultimately issued U.S. Patent No. 8,216,021 B1 on July 10, 2012 (the "'021 Patent").

50.     The '021 Patent was infringed by the Victoria's Secret Defendants.

51.     Subsequently, in 2013, the Plaintiff discovered errors in the language describing certain ratios depicted in the '021 Patent.

52.     These errors were brought to the attention of the USPTO by the timely filing of a Reissue Application.

53.     The Plaintiff incurred significant expenses and legal fees clarifying the claims of the '021 Patent.

54.     Claims in the '021 Patent have now been clarified by the USPTO, and the '021 Patent reissued as RE45838E on January 12, 2016.

**The Defendants' Infringing Products**

55.     The specific identity of the Victoria's Secret Defendants' supplier is not yet known, but this unknown supplier represents yet another party who has infringed upon Zephyrs' Patents.

56.     On information and belief, the Victoria's Secret Defendants own and/or manage approximately 1,000 retail stores in all fifty states, through which they do substantial business.

57.     Through the Victoria's Secret print catalog and online distribution through VictoriasSecret.com, the Victoria's Secret Defendants reach more than 390 million customers each year.

58.    The infringing products are sold by the Victoria's Secret Defendants under the Victoria's Secret brand "STYLE SECRETS SHAPING INSERTS," Item # SH-313-762 (Exhibit 5):

|  |  |
|---|---|
| Victoria's Secret "Style Secrets" Shaping Inserts Packaging (Front View) | Victoria's Secret "Style Secrets" Packaging (Reverse View) |



**FIG. 4**

59.     While the '021 Patent application was still pending before the USPTO, from September 30, 2011 to July 12, 2012, Zephyrs supplied tens of thousands of packages of the Kidney Shaped Push Up Inserts to the Victoria's Secret Defendants.

60.     The Victoria's Secret Defendants sold these Kidney Shaped Push Up Inserts through their network of stores and on their website to consumers at $58.00 per package.

61.     In August 2012, the Victoria's Secret Defendants purported to "terminate" an agreement with Zephyrs based on disagreements.

62.     Simultaneously, Zephyrs filed a federal lawsuit against the Victoria's Secret Defendants.

63.     That case was captioned *Runberg, Inc. d/b/a Zephyrs v. Victoria's Secret Stores, Inc., et al.*, United States District Court for the Southern District of Ohio, Eastern Division, Case No. 2:12-CV-722 (the "Prior Lawsuit").

64.     The Complaint in the Prior Lawsuit accused the Victoria's Secret Defendants of intentionally breaching the parties' agreement, by:

    a.   Committing false advertising by misleading consumers about the nature and quality of the hosiery products that they were offering for sale as those designed and previously supplied by Zephyrs, by falsely depicting Zephyrs' products on the packaging, when they were accused of selling cheaper, lower quality "knockoffs";

    b.   materially breaching the written Amended Master Sourcing agreement with Zephyrs by, *inter alia*, directly contacting Zephyrs' suppliers, and by unlawfully using Zephyrs' proprietary information when doing so, in order to reduce or eliminate the volume of sales conducted through Zephyrs; and

    c.   delaying processing usual orders, until and unless Zephyrs acceded to a variety of unreasonable demands.  One particular demand included the parties entering into a new agreement under which Zephyrs would be required to cede ownership of its own proprietary information, patents and other intellectual property.

65.     The Victoria's Secret Defendants denied each of these allegations, and filed a Counterclaim against the Plaintiff alleging that Zephyrs had breached the same agreement.

66.     In its Counterclaim, Victoria's Secret alleged, *inter alia*, that the Plaintiff had failed to comply with its brand standards and cited various audits of Zephyrs' facilities.

67.     While the '021 Patent was not part of the Prior Lawsuit, during the course of communications in the Prior Lawsuit, Zephyrs became concerned that the Victoria's Secret Defendants might later choose to infringe upon the Plaintiff's valid and enforceable U.S. patent rights in the Invention.

68.     Specifically, Zephyrs had become concerned that the Victoria's Secret Defendants might later ask a new supplier to slavishly copy and effectively "knock off" the unique patented shaping inserts that she had previously supplied to them.

69.     Consequently, even though the Victoria's Secret Defendants were clearly already aware of the existence of the '021 Patent from prior communications, Zephyrs' outside counsel again placed the Victoria's Secret Defendants on formal notice of the Plaintiff's concern about this prospect of patent infringement on September 12, 2012, by writing a formal letter to the Victoria Secret Defendants' outside counsel, stating:

> **To the extent that Victoria's Secret apparently intends to sell third parties' gel-shaping inserts, we would like to bring the attached U.S. Patent No. 8,216,021 owned by our client to your attention, to ensure that your clients do not infringe it directly or indirectly.**

70.     A hard copy of the '021 Patent was provided to the Victoria's Secret Defendants' outside counsel at that time.

71.     The Victoria's Secret Defendants never responded to this assertion.

72.     At no time have the Victoria's Secret Defendants ever claimed that the '021 Patent was invalid.

73.     At no time have the Victoria's Secret Defendants ever claimed that Zephyrs' Patents were invalid.

74.     At no time have the Victoria's Secret Defendants ever claimed that the '021 Patent was unenforceable.

75.     At no time have the Victoria's Secret Defendants ever claimed that Zephyrs' Patents were unenforceable.

76.     At no time have the Victoria's Secret Defendants ever claimed that the '021 Patent did not properly name Debra MacKinnon as the sole inventor.

77.     At no have the Victoria's Secret Defendants ever claimed that Zephyrs' Patents did not properly name Debra MacKinnon as the sole inventor.

78.     The Victoria's Secret Defendants never sought or received any license, express or implied, to practice the '021 Patent from the Plaintiff.

79.     The Victoria's Secret Defendants never sought or received any license, express or implied, to practice any of Zephyrs' Patents.

80.     Subsequently, the parties to the Prior Lawsuit decided to dismiss their pending claims and counterclaims with prejudice.

81.     At the time that the pending claims and counterclaims in the Prior Lawsuit were dismissed with prejudice, the parties made it clear to the Court and to one another that the mutual releases that were exchanged and the dismissal related solely to the breach of contract claims actually asserted in the Complaint and Counterclaim.

82.     On the record before the District Court, the parties expressly reserved their rights with regard to any unasserted, potential future patent disputes that might arise between them.

83.     Nonetheless, the Victoria's Secret Defendants have apparently chosen to slavishly copy the Invention, without paying any royalty or receiving any express or implied licenses to the Zephyrs Patents.

84.     The Kidney-Shaped Push Up Inserts are being sold by the Victoria's Secret Defendants in the same packaging under their brand STYLE SECRETS, and for the same price to customers, in their stores and on their website.

85.     The products currently being sold by the Victoria's Secret Defendants are slavish copies, and infringe upon Zephyrs' Patents.

86.     Below are comparisons between the figures included in Zephyrs' Patents, and the Victoria's Secret Defendants' Kidney-Shaped Push Up Inserts:



| Figure 3 from U.S. Patent No. RE45838E (Main Surface) | Victoria's Secret's Kidney-Shaped Push Up Insert (Main Surface) |
| Figure 6 from U.S. Patent No. RE45838E (Isometric Reverse View) | Victoria's Secret's Kidney-Shaped Push Up Insert (Isometric Reverse View) |
| Figure 18 from U.S. Patent No. RE45838E | Victoria's Secret's Kidney-Shaped Push Up Insert |

**Damages to Zephyrs from the Victoria's Secret Defendants' Conduct**

87.     The Victoria's Secret Defendants have sold, and continue to sell, the infringing Kidney Shaped Push Up Inserts to consumers for $58.00 at retail.  **See Exhibit 5.**

88.     Furthermore, on information and belief, Supplier John Doe 1, the Victoria's Secret Defendants' unknown supplier, is manufacturing, distributing and selling the infringing Kidney Shaped Push Up Inserts.

89.     No royalties whatsoever have been paid to the Plaintiff or the Inventor for these profitable sales, thus unjustly and unlawfully enriching the Defendants at the Plaintiff's expense.

**The Victoria's Secret Defendants' Willfulness**

90.     Upon information and belief, all the Defendants have attempted to unlawfully increase their profits by, *inter alia*, infringing upon Zephyrs' Patents without paying any royalty or receiving any express or implied license from the Plaintiff.

91.     Furthermore, the Victoria's Secret's Defendants have profited unlawfully by erroneously claiming ownership of the Plaintiff's Invention in the Kidney Shaped Push Up Inserts.

**Erroneous Inventorship Claimed In the U.S. Design Patent**

92.     The Victoria's Secret Defendants' law firm filed a design patent application with the USPTO on March 31, 2010, namely U.S. Design Patent Application No. US 29/349,417.

93.     The VS Push Up Design Patent erroneously named Laurie Jeannine Wirgler and Heather Naughton, the two Victoria's Secret Defendants' employees to whom Ms. MacKinnon had disclosed the Invention, as the inventors.

94.     On information and belief, Laurie Jeannine Wirgler and Heather Naughton assigned the VS Push Up Design Patent to Defendant Victoria's Secret Brand Management, Inc.

95.     The VS Push Up Design Patent application erroneously omitted Debra MacKinnon as the inventor.

96.     Instead, VS' Push Up Design Patent application erroneously named Laurie Jeannine Wirgler and Heather Naughton as inventors.  **See Exhibit 3.**

**Erroneous Inventorship Claimed In the Defendants' Canadian Patent**

97.     Furthermore, on or about June 30, 2010, the Victoria's Secret Defendants' correspondent law firm filed a formal industrial design application with the Canadian Patent Office, which became Canadian Patent Registration No. 136170 on or about January 27, 2011.

98.     The VS Canadian Push-Up Design Patent application erroneously omitted Debra MacKinnon as the inventor.

99.     The VS Canadian Push-Up Design Patent application erroneously named Laurie Jeannine Wirgler and Heather Naughton as the only inventors.  **See Exhibit 4.**

**FIRST CAUSE OF ACTION**

**(AGAINST ALL DEFENDANTS)**

**INFRINGEMENT OF ZEPHYRS' RE45838E PATENT
IN VIOLATION OF 35 U.S.C. § 271**

100.    The Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 to 99 of this Complaint as though fully set forth herein.

101.    Upon information and belief, in violation of 35 U.S.C. § 271, the Defendants are and have been directly infringing, contributing to the infringement of, and/or inducing others to infringe Zephyrs' RE45838E Patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the RE45838E Patent.

102.    As a result of the Defendants' unlawful infringement of the RE45838E Patent, the Plaintiff has suffered and will continue to suffer damages.

103.    The Plaintiff is entitled to recover from the Defendants the damages suffered by it as a result of their unlawful acts.

104.    On information and belief, the Defendants intend to continue their unlawful infringing activities, and the Plaintiff continues to and will continue to suffer irreparable harm - for which there is no adequate remedy at law - from such unlawful infringing activities unless this Court enjoins the Defendants from further infringing activities.

**SECOND CAUSE OF ACTION**

**(AGAINST ALL DEFENDANTS)**

**PAST INFRINGEMENT OF ZEPHYRS' U.S. PATENT 8,216,021 B1
IN VIOLATION OF 35 U.S.C. § 271**

105.    The Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 to 104 of this Complaint as though fully set forth herein.

106.    Upon information and belief, in violation of 35 U.S.C. § 271, the Defendants directly infringed, contributing to the infringement of, and/or induced others to infringe Zephyrs' U.S. Patent 8,216,021 by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '021 Patent.

107.    As a result of the Defendants' unlawful infringement of the '021 Patent, the Plaintiff has suffered damages.

108.    The Plaintiff is entitled to recover from the Defendants the damages suffered by it as a result of their unlawful acts.

## THIRD CLAIM FOR RELIEF

## CORRECTION OF INVENTORSHIP OF
## U.S. DESIGN PATENT D655,476 S1
## PURSUANT TO 35 U.S.C. § 256

## (AGAINST DEFENDANT
## VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC.)

109.    The Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 to 108 of this Complaint as though fully set forth herein.

110.    As described herein, U.S. Design Patent No. D655,476 S1 erroneously lists Heather Naughton and Laura Jeannine Wirgler, and not Debra MacKinnon, as inventors.

111.    Debra MacKinnon is the only proper inventor that should have been named as the rightful inventor of U.S. Design Patent No. D655,476 S1.

112.    On information and belief, on or about March 31, 2010, Heather Naughton executed a written assignment, purporting to assign all right, title and interest to U.S. Design Patent No. D655,476 S1 to Defendant Victoria's Secret Stores Brand Management.

113.    On information and belief, on or about April 30, 2010, Laura Jeannine Wirgler executed a written assignment, purporting to assign all right, title and interest in U.S. Design Patent No. D655,476 S1 to Defendant Victoria's Secret Stores Brand Management, Inc.

114.    On information and belief, on or about June 21, 2010, Defendant Victoria's Secret Stores Brand Management, Inc.'s correspondent, Ward & Olivo, 382 Springfield Avenue, Summit NJ 07901, filed both such Assignments with the USPTO

115.    For all the foregoing reasons, the Plaintiff seeks a Certificate, pursuant to 35 U.S.C. § 256, to correct the inventorship of U.S. Design Patent No. D655,476 S1 to reflect that Debra MacKinnon is the only rightful inventor.

## FOURTH CAUSE OF ACTION

## DECLARATORY JUDGMENT OF INVALIDITY OF PATENT ASSIGNMENTS OF U.S. DESIGN PATENT D655,476 S1 UNDER 28 U.S.C. § 2201(a)

## (AGAINST DEFENDANT VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC.)

116.    The Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 to 115 of this Complaint as though fully set forth herein.

117.    As described herein, U.S. Design Patent No. D655,476 S1 erroneously lists Heather Naughton and Laura Jeannine Wirgler, and not Debra MacKinnon, as the only inventors.

118.    Debra MacKinnon is the only inventor that should have been named as the rightful inventor of U.S. Design Patent No. D655,476 S1.

119.    On information and belief, on or about March 31, 2010, Heather Naughton executed a written assignment, purporting to assign all right, title and interest in U.S. Design Patent No. D655,476 S1 to Defendant Victoria's Secret Stores Brand Management.

120.    On information and belief, on or about April 30, 2010, Laura Jeannine Wirgler executed a written assignment, purporting to assign all right, title and interest in U.S. Design Patent No. D655,476 S1 to Defendant Victoria's Secret Stores Brand Management, Inc.

121.    On information and belief, on or about June 21, 2010, Defendant Victoria's Secret Stores Brand Management, Inc.'s correspondent, Ward & Olivo, 382 Springfield Avenue, Summit NJ 07901, filed both such Assignments with the USPTO

122.    For all the foregoing reasons, pursuant to 28 U.S.C. § 2201(a), the Plaintiff seeks a Declaratory Judgment that these assignments executed by the named inventors and filed with the USPTO were invalid *ab initio.*

**FIFTH CAUSE OF ACTION**

**DECLARATORY JUDGMENT OF OWNERSHIP OF
U.S. DESIGN PATENT D655,476 S1 UNDER 28 U.S.C. § 2201(a)**

**(AGAINST DEFENDANT
VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC.)**

123.    The Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 to 122 of this Complaint as though fully set forth herein.

124.    For all the foregoing reasons, pursuant to 28 U.S.C. § 2201(a), the Plaintiff seeks a Declaratory Judgment that it is the only rightful owner of U.S. Design Patent No. D655,476 S1.

**SIXTH CAUSE OF ACTION**

**UNLAWFUL CONVERSION UNDER NEW YORK LAW**

**(AGAINST THE VICTORIA'S SECRET DEFENDANTS)**

125.    The Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 to 124 of this Complaint as though fully set forth herein.

126.    The conduct of the Victoria's Secret Defendants as alleged herein violates the New York common law against conversion, the unlawful exercise of ownership over the tangible property of the Plaintiff, a New York corporation.

127.    U.S. Design Patent No. D655,476 S1 is a tangible manifestation of the intellectual property rightfully belonging to the Plaintiff.

128.    U.S. Canadian Design Patent No. 136170 is a tangible manifestation of the intellectual property rightfully belonging to the Plaintiff.

129.    As a result of the Defendants' unlawful conduct as complained of herein, the Plaintiff has suffered and will continue to suffer damages.

130.    The Plaintiff is entitled to recover from the Defendants the damages suffered by it as a result of their unlawful acts.

131.    On information and belief, the Defendants intend to continue their unlawful infringing activities, and the Plaintiff continues to and will continue to suffer irreparable harm - for which there is no adequate remedy at law - from such unlawful infringing activities unless this Court enjoins the Defendants from further infringing activities.

## SEVENTH CAUSE OF ACTION

## UNJUST ENRICHMENT UNDER NEW YORK LAW

## (AGAINST THE VICTORIA'S SECRET DEFENDANTS)

132.    The Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 to 131 of this Complaint as though fully set forth herein.

133.    As a result of the Victoria's Secret Defendants' unlawful conduct as complained of herein, the Plaintiff has suffered and will continue to suffer damages.

134.    The Plaintiff is entitled to recover from the Victoria's Secret Defendants the damages suffered by it as a result of their unlawful acts.

135.    On information and belief, the Victoria's Secret Defendants intend to continue their unlawful infringing activities, and the Plaintiff continues to and will continue to suffer irreparable harm - for which there is no adequate remedy at law - from such unlawful infringing activities unless this Court enjoins the Victoria's Secret Defendants from further infringing activities.

136.    The Victoria's Secret Defendants have benefitted at the Plaintiff's expense, by the conduct complained of herein.

137.    Equity and good conscience require restitution from the Victoria's Secret Defendants to the Plaintiff.

138.    Therefore, the Plaintiff seeks disgorgement of the Victoria's Secret Defendants' profits attributable to the sale of all products claimed by U.S. Design Patent No. D655,476 S1.

139.    The Plaintiff also seeks disgorgement of the Victoria's Secret Defendants' profits attributable to the sale of all products claimed by Canadian Design Patent Reg. No. 136170.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for the following relief:

a.    That the Defendants be declared to have infringed, induced others to infringe and/or committed acts of contributory infringement with respect to the claims of Zephyrs' Patents as alleged above;

b.    That the Defendants and their officers, agents, servants, employees, and all those persons acting or attempting to act in active concert or in participation with them or acting on their behalf be immediately, preliminarily and permanently enjoined from further infringement of Zephyrs' RE45838E Patent;

c.    That the Defendants be ordered to account for and pay to Plaintiff all damages caused to it by reason of their infringement of Zephyrs' Patents pursuant to 35 U.S.C. § 284;

d.    That the Defendants be ordered to pay treble damages for willful infringement of Zephyrs' Patents pursuant to 35 U.S.C. § 284;

e.    That the inventorship of U.S. Design Patent No. D655,476 S1 be ordered to be corrected to reflect Debra MacKinnon as the sole rightful inventor;

f.    That U.S. Design Patent No. D655,476 S1 be ordered to be transferred to the

Plaintiff and ownership declared in its favor under 28 U.S.C. § 2201(a);

g.      That Canadian Registration No. 136170 be ordered to be transferred to the Plaintiff and ownership declared in its favor;

h.      That all unlawful profits attributable to the Victoria's Secret Defendants' acts of unjust enrichment be disgorged and paid to the Plaintiff;

i.       That this case be declared exceptional under 35 U.S.C. § 285 and that Plaintiff be awarded its attorneys' fees, expenses, and costs incurred in this action;

j.       That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of the Defendants' infringement of the patents-in-suit;

k.      That the Defendants be ordered to pay all costs associated with this action; and

l.       That the Plaintiff be granted such other and additional relief as the Court deems just and proper.

**A TRIAL BY JURY IS DEMANDED.**

January 25, 2016                                    Respectfully Submitted,

Joseph C. Gioconda, Esq. (JG4716)
Joseph M. Forgione, Esq. (JF8360)
GIOCONDA LAW GROUP PLLC
100 Park Avenue
16th Floor
Telephone: (212) 235-1220
Facsimile: (888) 697-9665
*joseph.gioconda@giocondalaw.com*
*joseph.forgione@giocondalaw.com*

One Liberty Place
1650 Market Street
Suite 3600, #3699
Philadelphia, PA 19103-7334
Tel: (215) 944-8585

301 South State Street, Suite 102S
Newtown, PA 18940-3531
Tel: (215) 944-8530

*Attorneys for Plaintiff*
*Runberg, Inc. d/b/a Zephyrs*